## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GLEN ALAN SHARKANY,** | : | |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | **No. 3:18-CV-1417 (VLB)** |
| | : | |
| **AKEEM BRYCE, et al.** | : | |
| *Defendants.* | : | **June 10, 2019** |

## RULING ON THE PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE AND MONETARY RELIEF AND MOTION FOR HEARING
### (Dkt. Nos. 36, 40, 42, 43)

On August 21, 2018, the plaintiff, Glen Alan Sharkany, an inmate currently confined at the Garner Correctional Institution in Newtown, Connecticut, filed a complaint *pro se* pursuant to 42 U.S.C. § 1983 against Akeem Bryce, a Norwalk police officer, in his individual and official capacity. Compl. (Dkt. No. 1). The plaintiff claims that the defendant falsely arrested him in Norwalk on June 28, 2018 and subjected him to excessive force during the arrest, in violation of his Fourth Amendment protection against unreasonable searches and seizures. *See id.*; Ruling on Mot. for More Definite Statement and Mot. to Strike ("Ruling on Mot. to Strike") (Dkt. No. 30) 4-5.

This Court permitted his Fourth Amendment excessive force and state law assault claims to proceed against the defendant but dismissed his false arrest claim because, at the time, his criminal case stemming from the arrest in Norwalk was still pending. *See* Ruling on Mot. to Strike at 5. This Court has since vacated its dismissal of the false arrest claim based

on the plaintiff's new allegation that the charges filed against him from his June 28, 2018 arrest were dismissed. *See* Order No. 35. The defendant filed an amended answer to the complaint on May 20, 2019. Def.'s Am. Answer (Dkt. No. 38).

Pending before this Court are three motions for preliminary injunctive and monetary relief (Dkt. Nos. 36, 40, 42) and a motion for an "in-person court hearing" (Dkt. No. 43). Specifically, the plaintiff seeks a court-ordered monetary judgment based on the dismissal of his criminal charges, which he claims establishes that he was falsely arrested. In the second motion (Dkt. No. 40), the plaintiff is once again requesting injunctive relief in the form of an order that the defendant be placed in federal prison for his conduct. The defendant has objected to the plaintiff's motions on the grounds that (1) the dismissal of the criminal charges does not, alone, establish a Fourth Amendment false arrest claim, and (2) the plaintiff's request for injunctive relief is not warranted. The Court agrees with the defendant.

Based on the Court's review of his motions, the plaintiff contends that the dismissal of the criminal charges from his June 28, 2018 arrest proves his false arrest claim and entitles him to relief. While the Court agrees that a favorable termination of the charges is a necessary element of a Fourth Amendment false arrest claim, it does, not alone, entitle a claimant to relief. In order to prevail on a Fourth Amendment false arrest claim, the plaintiff must prove that "(1) the defendant initiated or continued

criminal proceedings against [him]; (2) the criminal proceeding terminated in [his] favor . . . (3) the defendant acted without probable cause; and (4) the defendant acted with malice." *Conroy v. Caron*, 275 F. Supp. 3d 328, 348 (D. Conn. 2017) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009)). In this case, the plaintiff has not yet provided any evidence showing that the defendant lacked probable cause to arrest him or acted with malice during the arrest. The mere fact that the charges stemming from that arrest were later dismissed is not, alone, dispositive of the plaintiff's Fourth Amendment claim. *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) ("[T]he mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest"). Therefore, the plaintiff's request for monetary relief on his Fourth Amendment false arrest claims is denied at this time.

With respect to the plaintiff's request for preliminary injunctive relief, this Court has already ruled that it cannot order criminal prosecution or other disciplinary action against the defendant as a form of injunctive relief. *See* Ruling on Mot. to Strike at 7 (citing *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004)). The Court cannot grant a request for injunctive relief that concerns a past constitutional violation by a state entity. *See Inside Connect, Inc. v. Fischer*, Case No. 13-cv-1138 (CS) 2014 WL 2933221, at *7 (S.D.N.Y. June 30, 2014) (Eleventh Amendment barred relief when the challenged policy had been amended). Furthermore, injunctive relief is unavailable where a plaintiff is no longer confined at the

facility where the alleged constitutional violations occurred unless there is an indication from the allegations that the alleged violations are capable of repetition.  *See Prims v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (transfer of prisoner out of facility generally moots claims for injunctive relief against facility officials); *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (holding that if the plaintiff "has made no showing that he is realistically threatened by a repetition of [the challenged action] . . . he has not met the requirements for seeking an injunction in a federal court."). Thus, Plaintiff's request for injunctive relief remains dismissed.

Finally, the Court reminds the plaintiff that any motion filed must set forth legal grounds for the requested court order.  *See* Fed. R. Civ. P. 7(b)(1).  Furthermore, motions to reconsider previous decisions shall generally be granted only if the party making the motion "can point to controlling decisions or data that the court overlooked in the initial decision or order."  D. Conn. Local R. 7(c)(1).  The Court will not entertain frivolous filings which do not meet these preliminary requirements.  Failure to comply with these standards may result in summary denial or dismissal and possibly monetary sanctions, ineligibility for *in forma pauperis* status, and an order enjoining Plaintiff from filing without Court approval.  *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 33 (1991) (authority to enjoin filing and impose monetary sanctions stems from Federal Rule of Civil Procedure 11 and the Federal courts' "inherent power to manage their own proceedings and to control the conduct of those who appear before

them."); *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983) (federal courts may summarily dismiss any habeas petition that appears legally insufficient on its face); *Gurary v. Nu-Tech Bio-Med, Inc.,* 303 F.3d 212, 220-21 (2d Cir. 2002) (courts may summarily dismiss claims that are frivolous).

## ORDERS

Based on the foregoing, the plaintiff's motions for preliminary injunctive and monetary relief (Dkt. Nos. 36, 40, 42) and motion for "an in-person court hearing" (Dkt. No. 43) are DENIED.


SO ORDERED this 10th of June, 2019 at Hartford, Connecticut.


_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE