UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLEN ALAN SHARKANY,<br>    Plaintiff,<br><br>v.<br><br>AKEEM BRYCE,<br>    Defendant. | :<br>:<br>:<br>:   Case No. 3:18-cv-1417 (VLB)<br>:<br>:<br>:<br>:   April 7, 2020 |

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, [ECF NO. 83]

On August 21, 2018, the Plaintiff, Glen Alan Sharkany, an inmate currently confined at the Garner Correctional Institution ("Garner") in Newtown, Connecticut, filed a complaint *pro se* pursuant to 42 U.S.C. § 1983 against the Defendant, Akeem Bryce, a City of Norwalk police officer. [ECF No. 1].

Defendant has filed a motion for summary judgment, [ECF No. 83], on the complaint, which alleges claims of excessive force, false arrest/malicious prosecution, and civil assault. For the reasons that follow, the Court will grant the Defendant's motion for summary judgment.

### I.     PROCEDURAL HISTORY

In an Order dated April 16, 2019, granting in part and denying in part a Motion for More Definite Statement and Motion to Strike, the Court permitted the Plaintiff's Fourth Amendment excessive force and state law civil assault claims to proceed against the Defendant. [ECF No. 30]. Thereafter, on May 17, 2019, the Court granted the Plaintiff's Motion to Add Causes of Action and permitted

Plaintiff to pursue a false arrest/malicious prosecution claim. [ECF No. 35]. The Defendant then filed an amended Answer to the complaint on May 20, 2019. [ECF No. 38].

On September 11, 2019, the Defendant filed the instant motion for summary judgment on the Plaintiff's claims of excessive force, false arrest/malicious prosecution, and civil assault. [ECF No. 83]. On October 4, 2019, the Court ordered the Defendant to file and serve the *Notice to Pro Se Litigant* required under the District of Connecticut Local Rule of Civil Procedure ("Local Rule") 56(b) by October 11, 2019, and gave the Plaintiff until November 1, 2019, to respond to Defendant's motion for summary judgment. [ECF No. 84].

On October 7, 2019, the Defendant filed the required *Notice to Pro Se Litigant*, [ECF No. 85], and on October 18, 2019, the Plaintiff filed a one-page objection to the motion for summary judgment. [ECF No. 86]. However, the Plaintiff's objection presented no substantive opposition to Defendant Bryce's arguments in support of his motion for summary judgment. The Plaintiff also did not file a statement of facts pursuant to Local Rule 56(a)2. On February 20, 2020, the Plaintiff filed a second, untimely, one-page objection to the motion for summary judgment. [ECF No. 100]. Once again, the Plaintiff's objection presented no substantive opposition to Defendant Bryce's arguments in support of his motion for summary judgment. And, once again, the Plaintiff did not file a statement of facts pursuant to Local Rule 56(a)2.

## II. FACTUAL BACKGROUND[1]

Upon review, the Court finds the following facts are supported by the evidence as reflected in the Defendant's Local Rule 56(a)1 Statement ("Def.'s Stmt."), [ECF No. 83-2].

At 3:41 a.m. on June 28, 2018, Norwalk Police Officer Akeem Bryce was dispatched to the area of Lakeview Drive and Broad Street in Norwalk due to Joy Bouchard's report to the Norwalk Police Department that the Plaintiff had jumped in front of her car, banged on it, and yelled at her. Def.'s Stmt. ¶¶ 1-3, Def.'s Stmt. Exhibit A ("Affidavit of Officer Akeem Bryce") ¶¶ 3-6; Def.'s Stmt.

---

[1]The facts taken from the Defendant's Local Rule 56(a)1 Statement may be deemed admitted where supported by the evidence, including supporting video body camera evidence and affidavits. Local Rule 56(a)1 provides: "Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact." Local Rule 56(a)3 provides that "each denial in an opponent's Local 56(a)2 Statement[] must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial." The Defendant informed the Plaintiff of these requirements in the *Notice to Pro Se Litigant*, [ECF No. 85], but Plaintiff failed to file the required Rule 56(a)2 Statement. In addition to deeming admitted facts in Defendant's Rule 56(a)1 Statement, the Court may, for violation of Local Rule 56(a)3 "impos[e] sanctions, including, . . . an order granting the motion [for summary judgment] if the motion and supporting materials show that the movant is entitled to judgment as a matter of law." D. Conn. L. Civ. R. 56(a)(3). Additionally, as the Complaint is verified, the Court may consider the allegations of the complaint in reviewing the motion for summary judgment. *See Jordan v. LaFrance*, No. 3:18-cv-1541 (MPS), 2019 WL 5064692, at *1 (D. Conn. Oct. 9, 2019).

Ex. F at 2ETN5$1103119077[2] (audio of Joy Bouchard's 911 emergency telephone call), [ECF No. 83-9]; Def.'s Stmt. Ex. G (Norwalk Police Department Incident Report) at 1, [ECF No. 83-10]; Def.'s Stmt. Ex. J (Official Statement of Joy Bouchard) at 1, [ECF No. 83-13].

Bouchard later informed Officer Bryce that the Plaintiff had found her a second time after the first incident and that the Plaintiff had banged on her car window, threatened her, and then fled the area; she informed Officer Bryce that the Plaintiff was heading towards Silvermine Avenue and New Canaan Avenue. Def.'s Stmt. ¶ 6; Ex. A ¶¶ 5-6; Ex. E at 1:19 - 1:34 (Officer Bryce's body worn camera video), [ECF No. 83-8]; Ex. F at 2ETN9S$G04119077; Ex. G at 1; Ex. J at 1-2. Bouchard reported that the Plaintiff was a white male, wearing a blue T-Shirt and shorts, and that he was proceeding on foot. Def.'s Stmt. ¶ 7; Ex. A ¶ 7; Ex. E at 1:34 - 1:42; Ex. F at 2ETN5$1103119077; Ex. G at 1.

Upon searching the area, Officer Bryce observed the Plaintiff walking north on New Canaan Avenue near its intersection with Bartlett Avenue.

---

[2] Defendant's Motion for Summary Judgment explains that Defendant filed a Notice of Manual Filing as regards Defendant's Rule 56(a)1 Statement Exhibits E and F, as they could not be converted to electronic format. [ECF No. 83 at 1 n.2]. Exhibit E is Defendant's body-worn camera video of the incident in question, and Exhibit F contains the 911 and dispatch calls related to the incident. [ECF Nos. 83-8 (Exhibit E); 83-9 (Exhibit F)]. Discs containing video and audio files were mailed to the Plaintiff and the Court. File numbers of the particular file supporting each material fact are indicated where necessary. Plaintiff did not object or indicate that he was unable to access the discs and information therein.

4

Def.'s Stmt. ¶ 8; Ex. A ¶ 9; Ex. E at 4:34 - 4:43; Ex. G at 1. At the time, Officer Bryce was alone and lacked backup. Def.'s Stmt. ¶ 9; Ex. A ¶ 10; Ex. E at 4:34 - 8:00. Officer Bryce observed that the individual whom he identified as the Plaintiff was wearing a blue T-Shirt and shorts as described by Bouchard. Def.'s Stmt. ¶ 10; Ex. A ¶ 12.

When Officer Bryce (who was in his police vehicle) approached the Plaintiff, the Plaintiff ran away from him, continuing to head north on New Canaan Avenue. Def.'s Stmt. ¶ 11; Ex. A ¶ 11; Ex. E at 4:45 - 4:59; Ex. F at 2ETNISDG04119077; Ex. G at 1. Although Officer Bryce commanded the Plaintiff numerous times to stop running and to come over to him, the Plaintiff continued his attempt to flee. Def.'s Stmt. ¶ 12; Ex. A ¶ 13; Ex. E at 4:55 - 5:05; Ex. G at 1.

After exiting his vehicle, Officer Bryce initially drew his taser and pointed it at the Plaintiff, ordering him to get to the ground. Def.'s Stmt. ¶ 13; Ex. A ¶ 14; Ex. E at 5:00 - 5:22; Ex. G at 1. However, the Plaintiff failed to comply with Officer Bryce's commands; instead, he repeatedly stated that he had not done anything illegal. Def.'s Stmt. ¶ 14; Ex. A ¶ 15; Ex. E at 4:55 - 5:22; Ex. G at 1. After the Plaintiff stopped running, he walked at a fast pace, continuing to ignore commands from Officer Bryce. Def.'s Stmt. ¶ 15; Ex. A ¶ 16; Ex. E at 4:55 – 5:42; Ex. G at 1.

Officer Bryce ordered the Plaintiff to stop and get on the ground. Def.'s Stmt. ¶ 16; Ex. A ¶ 17; Ex. E at 4:55 - 5:24; Ex. G at 1. However, the Plaintiff kept walking, stating that he was a federal agent and could show Officer Bryce his credentials.[3] Def.'s Stmt. ¶ 17; Ex. A ¶ 18; Ex. E at 5:30 - 5:42; Ex. G at 1.

The Plaintiff traveled into the middle of New Canaan Avenue and turned around to face the Defendant-Officer. Def.'s Stmt. ¶ 19; Ex. A ¶ 20; Ex. E at 5:35 - 5:41. Officer Bryce put away his taser, caught up to the Plaintiff and brought him to the ground. Def.'s Stmt. ¶ 20; Ex. A ¶ 21; Ex. E at 5:00 - 6:10, 14:50 - 15:00; Ex. G at 1. Officer Bryce did not use a taser, pepper spray, baton, or handgun to take control of the situation. Def.'s Stmt. ¶ 21; Ex. A, ¶ 22; Ex. E at 5:00 - 6:10, 14:50 - 15:00; Ex. G at 1. The video evidence from Officer Bryce's body worn camera does not show Officer Bryce lifting the Plaintiff and then slamming him to the ground. Def.'s Stmt. ¶ 22; Ex. A ¶ 23; Ex. E at 5:00 - 6:10, 14:50 - 15:00.

Officer Bryce placed handcuffs on the Plaintiff after he was lying on the ground. Def.'s Stmt. ¶ 23; Ex. A ¶ 24; Ex. E at 5:48 - 6:10; Ex. G at 1. He then called to advise dispatch of his location and that the Plaintiff had been detained. Def.'s Stmt. ¶ 24; Ex. A ¶ 25; Ex. E at 6:00 - 6:25; Ex. F at 2ETNKRP104119077; Ex. G at 1.

---

[3]The Plaintiff never provided any credentials to Officer Bryce. Def.'s Stmt. ¶

6

Officer Bryce searched the Plaintiff while Plaintiff was lying on the ground. Def.'s Stmt. ¶ 25; Ex. A ¶ 26; Ex. E at 6:34 - 7:00, 9:18 - 10:05.

When Officer Bryce instructed the Plaintiff to get up off the ground, the Plaintiff ignored his request and continued to represent that he was a federal officer. Def.'s Stmt. ¶ 26; Ex. A ¶ 26; Ex. E at 7:00 - 7:49.

Officer Bryce asked dispatch to have Norwalk EMS respond for a psychological evaluation. Def.'s Stmt. ¶ 28; Ex. A ¶ 27; Ex. G at 1. Other Norwalk police officers and Norwalk EMS arrived on the scene shortly thereafter. Def.'s Stmt. ¶ 29; Ex. A ¶ 28; Ex. E at 7:54 - 8:20, 12:20 - 13:38; Ex. G at 2. The Plaintiff was transported to Norwalk Hospital by Norwalk EMS. Def.'s Stmt. ¶ 30; Ex. A ¶ 30; Ex. E at 16:00 - 16:25, 19:15 - 19:35; Ex. G at 2.

Officer Bryce did not question the Plaintiff during the encounter. Def.'s Stmt. ¶ 27; Ex. A ¶ 28; Ex. E at 4:34 - 16:30. The Plaintiff was placed under arrest for Breach of Peace (violation of Connecticut General Statutes § 53a-181) and Interfering with an Officer (violation of Connecticut General Statutes § 53a-167). Def.'s Stmt. ¶ 31; Ex. A ¶ 35; Def.'s Stmt. Ex. B (Affidavit of Officer Jake Colletto) ¶ 7; Def.'s Stmt. Ex. H (Norwalk Police Department Incident Report) at 2.

### III. Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of

---

18; Ex. A ¶ 15; Ex. E at 5:30 - 7:40; Ex. G at 1.

proving that no genuine factual disputes exist. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). This means that "although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000); *see Welch-Rubin v. Sandals Corp.*, No. 3:03-cv-00481, 2004 WL 2472280, at *4 (D. Conn. Oct. 20, 2004) ("At the summary judgment stage of the proceeding, [the moving party is] required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient.") (citing *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996)); *Martinez v. Conn. State Library*, 817 F. Supp. 2d 28, 37 (D. Conn. 2011). Put another way, "[i]f there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315–16 (2d Cir. 2006) (internal quotation marks and citation omitted).

A party who opposes summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on

mere assertions that affidavits supporting the motion are not credible." *Gottlieb*, 84 F.3d at 518. Where there is no evidence upon which a jury could properly proceed to find a verdict for the party producing it and upon whom the onus of proof is imposed, such as where the evidence offered consists of conclusory assertions without further support in the record, summary judgment may lie. *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726–27 (2d Cir. 2010).

IV. **DISCUSSION**

Upon review of the evidence, arguments, and legal authority, and in light of the Plaintiff's failure to refute Officer Bryce's statements of undisputed fact or substantive arguments in favor of entry of summary judgment in his favor, the Court concludes that Officer Bryce's motion for summary judgment should be granted.

A. **Fourth Amendment Excessive Force**

To the extent that the Plaintiff asserts he was subjected to excessive force, such claim is not supported by the evidence.

The Fourth Amendment protects individuals against "unreasonable searches and seizures." U.S. Const. amend. IV. A claim by a citizen that law enforcement officials used excessive force is reviewed under the Fourth Amendment "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Generally, physical restraint or an assertion of authority to

restrain a person's freedom of movement by a law enforcement officer constitutes a seizure. *Pinto-Montoya v. Mukasey*, 540 F.3d 126, 132 (2d Cir. 2008).

To determine whether excessive force occurred, the Court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing interests at stake." *Graham*, 490 U.S. at 396. This analysis requires careful attention to the individual circumstances present, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* This analysis must "be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight[,]" and "[t]he calculus of reasonableness must embody the allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. *Id.*

After ignoring Officer Bryce's repeated commands, the Plaintiff moved into the middle of New Canaan Avenue; thereafter, Officer Bryce decided to compel compliance and brought the Plaintiff to the ground and then handcuff him. Def.'s Stmt. ¶¶ 19-20. Here, Officer Bryce was faced with an individual who had failed to comply with police commands, was located in the middle of road, and fit the description of a person who had reportedly banged on a woman's car and

threatened her. *Id.* ¶¶ 10-20. Under these circumstances, the Court finds Officer Bryce's conduct was objectively reasonable. No evidence indicates that he used excessive force to compel the Plaintiff's compliance. *See id.* ¶¶ 21, 22 (no use of taser, pepper spray, baton, handgun on the Plaintiff; and the body camera video does not show that he applied excessive force under the circumstances). Summary judgment in Officer Bryce's favor is granted on the Fourth Amendment excessive force claim.

B. False Arrest/Malicious Prosecution

Upon review of the evidence, the Court concludes that summary judgment should be granted in Officer Bryce's favor on the Plaintiff's claims of false arrest and malicious prosecution because Officer Bryce arrested the Plaintiff with probable cause.

A plaintiff seeking to recover for false arrest under 42 U.S.C. § 1983 must establish that "(1) the defendant intentionally arrested him or had him arrested, (2) the plaintiff was aware of the arrest, (3) there was no consent to the arrest, and (4) the arrest was not supported by probable cause." *Weinstock v. Wilk*, 296 F. Supp. 2d 241, 246 (D. Conn. 2003). To prevail on a § 1983 claim for malicious prosecution, a plaintiff must show "a seizure or other perversion of proper legal procedures implicating his personal liberty and privacy interests under the Fourth Amendment," as well as that "criminal proceedings were initiated or continued against him, with malice and without probable cause, and were

terminated in his favor." *Lanning v. City of Glens Falls*, 908 F.3d 19, 24 (2d Cir. 2018).

"[T]he existence of probable cause is a complete defense to a claim alleging false arrest or malicious prosecution." *Garcia v. Gasparri*, 193 F. Supp. 2d 445, 449 (D. Conn. 2002); *see also Fernandez-Bravo v. Town of Manchester*, 711 F. App'x 5, 7 (2d Cir. 2017) (holding no claim for false arrest or malicious prosecution where arresting officer had probable cause to arrest plaintiff). Here, Officer Bryce had probable cause to arrest the Plaintiff.

Generally, probable cause to arrest exists when the officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 851 (2d Cir. 1996). Probable cause is a "fluid concept—turning on the assessment of probabilities in a particular factual context…[;]" it is evaluated according to the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 232-33 (1983); *Jenkins v. City of New York*, 478 F.3d 76, 90 (2d Cir. 2007). "Even a tip from a completely anonymous informant—though it will seldom demonstrate basis of knowledge and the veracity of an anonymous informant is largely unknowable—can form the basis of reasonable suspicion or probable cause if it is sufficiently corroborated." *Roberts v. Azize*, 767 F. App'x 196, 200 (2d Cir. 2019) (citation omitted). The probable cause determination is objective; it should

be made without regard to the officer's subjective motives or belief as to the existence of probable cause. *Barnett v. City of Yonkers*, No. 15 CV 4013 (KMK), 2018 U.S. Dist. LEXIS 168169, at *8 (S.D.N.Y. Sept. 28, 2019).

Here, Officer Bryce had information that an individual matching the Plaintiff's description and location had committed a disturbance banging on a woman's car and threatening her. Moreover, the Plaintiff refused to respond to Officer Bryce's commands for him to stop running or walking away from him. Accordingly, the Court finds that Officer Bryce had probable cause to arrest the Plaintiff for Breach of Peace under Connecticut General Statutes § 53a-181[4] and for Interfering with an Officer under Connecticut General Statutes § 53a-167a.[5]

The Court grants Officer Bryce's motion for summary judgment on the claims of false arrest and malicious prosecution because he arrested the Plaintiff with probable cause.

C.   **Qualified Immunity**

Officer Bryce is also entitled to qualified immunity from liability on the Plaintiff's claims.

---

[4] Section 53a-181 provides: "A person is guilty of breach of the peace in the second degree when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person . . . (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place . . . (3) threatens to commit any crime against another person or such other person's property."

[5] Section 53a-167a provides: "A person is guilty of interfering with an officer when such person obstructs, resists, hinders, or endangers any peace officer . . . in the performance of such peach officer's duties."

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "affords government officials 'breathing room' to make reasonable—even if sometimes mistaken—decisions." *Distiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 553 (2012)). "The qualified immunity standard is 'forgiving' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Grice v. McVeigh*, 873 F.3d 162, 166 (2d Cir. 2017) (quoting *Amore v. Novarro*, 624 F.3d 522, 530 (2d Cir. 2010)).

The Court has discretion to determine the order in which it will address the inquiries required when assessing the applicability of qualified immunity. *See Johnson v. Perry*, 859 F.3d 156, 170 (2d Cir. 2017) (quoting *Pearson* 555 U.S. at 236).

A right is clearly established if, "at the time of the challenged conduct . . . every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 732 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). There is no requirement that a case have been decided which is directly on point, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

In addition, qualified immunity protects state actors when it was objectively reasonable for the state actor to believe that his conduct did not violate a clearly established right. *Manganiello v. City of New York,* 612 F.3d 149, 165 (2d Cir. 2010). "If a reasonable officer might not have known for certain that the conduct was unlawful – then the officer is immune from liability." *Ziglar v. Abbasi,* 137 S. Ct. 1843, 1867 (2017). Therefore, the Court may first ask whether it was objectively reasonable for the defendant officer to believe his conduct was not unlawful at the time. *Simpson v. City of New York*, 793 F.3d 259, 268 (2d Cir. 2015). Qualified immunity does not apply if, on an objective basis, it is obvious that no reasonably competent officer would have taken the actions of the alleged violation. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Summary judgment is appropriate when a trier of fact would find that reasonable officers could disagree. *Lennon v. Miller*, 66 F.3d 416, 421 (2d Cir. 1995).

With respect to the Plaintiff's claim that he was subjected to excessive force, it was objectively reasonable for Officer Bryce to believe his conduct was not unlawful at the time he, without resort to excessive physical force, brought the Plaintiff to the ground and handcuffed him. Relevant to the false arrest or malicious prosecution claims, Officer Bryce had at least arguable probable cause to arrest the Plaintiff for breach of peace and interference with an officer. *See Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) (relevant question in qualified immunity inquiry for false arrest and malicious prosecution claims is

whether the facts establish the officer had "arguable probable cause" for the arrest). Thus, entry of summary judgment in Officer Bryce's favor is also appropriate on the basis of qualified immunity.

D. Supplemental Jurisdiction

The Plaintiff alleges that Officer Bryce picked him up and body slammed him to the pavement. To the extent he asserts a state law claim of assault, the Court has granted the motion for summary judgment on all federal claims and declines to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(c)(3).

V. CONCLUSION

For the foregoing reasons, the Court GRANTS Officer Bryce's motion for summary judgment, [ECF No. 83]. The Court declines to exercise subject matter jurisdiction over the Plaintiff's state law claim of assault, which is dismissed.

The clerk is instructed to enter judgment for Officer Bryce and to close this case.

                                                                                            /s/
                                                  Vanessa L. Bryant
                                                  United States District Judge

SO ORDERED at Hartford, Connecticut this 7th day of April, 2020.